**BURRUS MILLS, Inc. v. PHILLIPS et ux.**

No. 3100.

Court of Civil Appeals of Texas. Waco.

July 16, 1953.

Rehearing Denied Sept. 11, 1953.

Matthews & Nash, Dallas, for appellant.

Fitzpatrick & Dunnam and W. V. Dunnam, Jr., Waco, Truman E. Roberts, Hico, for appellees.

TIREY, Justice.

Burrus Mills, Inc., has appealed from an order overruling its plea of privilege to be sued in Dallas County, the county of its residence. M. M. Phillips and wife of Bosque County brought this suit in the District Court of Hamilton County against J. B. Woodard and D. E. Bullock, individually and as partners, both being resident citizens of Hamilton County, and Burrus Mills, Inc. The cause was tried without the aid of a jury and at the request of appellant the trial court filed findings of fact and conclusions of law. We quote the pertinent parts:

"1. The court finds from the evidence that during the years 1951 and 1952, H. H. Weatherby was an employee and agent of defendant Burrus Mills, Inc. and was Supervisor of its Livestock and Poultry Program, conducted by it in the State of Texas, and that as such agent and representative, acting in the scope of his employment, in the latter part of the year 1951 negotiated with the plaintiffs, in conjunction with the defendants J. B. Woodard and D. E. Bullock, Jr., with reference to procuring a turkey raising agreement with the plaintiffs, Phillips and wife, for the year 1952; that in the early part of the year 1952 a turkey raising agreement was entered into between plaintiffs and the defendant Burrus Mills, Inc., for the joint and mutual benefit of said defendant and the defendants Woodard and Bullock; that the plaintiffs were induced and caused to enter into said agreement by the representation of said Weatherby, acting in the scope of his said employment, and the defendants Woodard and Bullock, acting for themselves and as agents for defendants Burrus Mills, Inc., that the defendants would deliver to the plaintiffs turkey poults for production by them free of contagious and infectious disease; that defendants did on or about the 20th of March 1952, under said agreement deliver to plaintiffs' ranch

in Bosque County 2200 poults; that said poults when delivered were not free of disease and not clean poults as represented by defendants but were then infected with a deadly and contagious poultry disease known as fowl typhoid; that as a proximate result of the diseased condition of said poults 1034 of said poults died and the residue thereof being diseased required medication, which reduced their vitality and prevented normal growth of same and rendered said poults unfit for sale as breeding stock, thereby materially reducing their market value.

"2. That at the time said diseased poults were delivered to plaintiffs' ranch said ranch and their facilities and the stock on hand were free of disease and their premises were clean and free of infections and contagious disease affecting the growth and production of poultry, of which defendants had full knowledge at the time said agreement was entered into and at the time said diseased poults were delivered; that by the delivery of said poults to plaintiffs' ranch in said condition the defendants breached their express and implied warranties that the poults would be clean and free of disease and by the delivery of such diseased poults rendered plaintiffs' premises and facilities unfit for production of poultry for the year 1952 and 1953.

"3. The court further finds from the evidence that the defendants were negligent in delivering to plaintiffs said poults in said diseased condition and that such negligence was a proximate cause of plaintiffs' damages, as set out in their pleadings and that breach by defendants of their express and implied warranties was likewise a proximate cause of such damages.

"4. The court further finds that during 1951 and 1952, and at the time of the filing of this suit and the service of process upon the defendant Burrus Mills, Inc. and at the time of the filing of its plea of privilege herein, the defendants J. B. Woodard and D. E. Bullock, Jr., were partners doing business as J. B. Woodard Produce, were and are residents of Hamilton County, Texas and maintained and established a permanent place of business in Hamilton County, Texas and were agents of the defendant Burrus Mills, Inc., assisting it carrying on its turkey raising plan and agreement with the plaintiffs and other persons residing in said County of Hamilton, said County of Bosque and other counties adjacent thereto, and that defendant Burrus Mills, Inc., in order to secure to itself the benefit of large sales of poultry feed manufactured by it induced the plaintiffs to enter into said contract with it by representation that the turkey poults when delivered would be free of disease. By indirection it thus secured for itself sales of its manufactured products as certainly and presumably and profitably as if a direct contract of sale of its feed had been made directly with the plaintiffs, and having secured the benefits it may not now avoid the burdens of the transaction, having made said warranties and representations and having secured the benefit of the sale of its products through J. B. Woodard Produce, it was required to speak the truth and cannot now avoid the burdens of the transaction.

"5. The court further finds that the defendant Burrus Mills, Inc., is and was at all times involved in this suit a foreign corporation and acted solely through its authorized agents.

"6. The court finds that the plaintiffs in their pleading alleged a joint cause of action against the defendants Woodard and Bullock, dba J. B. Woodard Produce and the defendant Burrus Mills, Inc. and that their cause of action against the resident defendants is so intimately connected with the cause of action against the nonresident defendant that the two may and should be joined under the rule intended to avoid a multiplicity of suits.

"7. That in the years 1951 and 1952 and at all times therein and up to and on the date of the hearing on their plea, Burrus Mills, Inc., has maintained a fixed and permanent agency and representative in Hamilton County, Texas, the same being J. B. Woodard and D. E. Bullock Jr., doing business as J. B. Woodard Produce.

"8. That plaintiffs have reasonably incurred reasonable expenses for medication to minimize and halt the death of their

turkeys from fowl typhoid in the sum of $1300.00.

"9. That said expense of $1300.00 for medication was incurred as a direct and proximate result of the delivery to plaintiff of the diseased turkey poults on March 20, 1952.

"10. That the poults delivered on March 20, 1952 were bought by M. M. Phillips for breeding purposes.

"11. The court further finds that J. B. Woodard knew that plaintiffs were purchasing the poults delivered on March 20, 1952 for breeding purposes.

"12. The court further finds that H. H. Weatherby knew that plaintiffs were purchasing the poults delivered on March 20, 1952 for breeding purposes.

"13. The court further finds that some of the poults when delivered to M. M. Phillips on March 20, 1952 were infected with fowl typhoid.

"14. The court further finds that such infection with fowl typhoid rendered said poults delivered on March 20, 1952 unfit for breeding purposes.

"15. The court further finds that plaintiffs did not know that some of the poults delivered on March 20, 1952 were infected with fowl typhoid until after said poults were delivered on March 20, 1952.

"16. The court further finds that plaintiffs could not have discovered by a reasonable inspection that some of said poults delivered on March 20, 1952 were infected with fowl typhoid until after said poults had been delivered on March 20, 1952."

The court concluded that "by virtue of the facts of the case, including those above found, the same being material, the court concludes and finds that as a matter of law under the cases of Stockyards National Bank v. Maples [127 Tex. 633], 95 S.W. 2d 1300, 1304, and Southwestern Greyhound Lines v. Day [Tex.Civ.App.], 238 S.W.2d 258, the plea of privilege of the defendant Burrus Mills, Inc., was and of right should be overruled."

Appellant filed request for amended findings and additional findings of fact and conclusions of law, but this application was denied, to which appellant duly excepted.

Appellant assails the judgment entered on seven points. They are substantially: (1) that the court erred in finding as a fact that either the resident defendants J. B. Woodard and D. E. Bullock or the appellant expressly warranted that the turkey poults in question would be free of disease, and in refusing the request of appellant for the deletion of such findings, because there is no evidence of probative force to support same and because as a matter of law the evidence tendered by plaintiffs does not constitute warranties that would survive delivery of the turkey poults in question; (2) in finding as a fact that appellees did not know that some of the poults delivered to them were infected with fowl typhoid until after said poults were delivered and that appellees could not have discovered by reasonable inspection that some of the turkey poults so delivered were infected with fowl typhoid until after said poults had been delivered because there is no evidence of probative force to support such finding; in refusing the request of appellant that such findings be omitted because appellees were present at the delivery of the turkey poults in question and accepted them after inspection with full knowledge of their diseased condition and that the evidence in this behalf was undisputed; (3) because appellees failed to prove a cause of action against either of the resident defendants or the appellant because the undisputed evidence of appellees showed that they accepted delivery of the turkey poults in question after inspection with full knowledge of their diseased condition and that such acceptance constituted a waiver and bar to the claim of appellees for breach of warranty, breach of contract, or fraudulent misrepresentations; (4 and 5) in finding as a fact that Woodard and Bullock were agents of appellant and that at all material times in question appellant maintained an agency in Hamilton County, the same being J. B. Woodard and D. E. Bullock, doing business as J. B. Woodard Produce, because there is no evidence of probative force in the record to support such finding; in refusing to delete such finding of fact and in refusing to find that Woodard and Bullock were not and are not the agents of appellant because the un-

disputed evidence is to the effect that Woodard and Bullock were and are independent dealers and not agents of appellant, and there is no evidence of probative force to support a finding that appellant maintained an agent or representative in Hamilton County, Texas; (6 and 7) in finding as a fact that appellant and the other defendants were negligent in delivering the poults to appellees in this condition because there is no evidence of probative force in the record to support such finding, and likewise erred in refusing to delete such finding and in refusing to find that all defendants in this cause were not negligent in any manner for the reason that there is no evidence of any negligence or lack of care on the part of appellant and other defendants, and that the evidence is without dispute that neither Woodard, Bullock, or appellant had knowledge or reason to believe that the turkey poults were diseased at the time they were delivered, and that by reason thereof appellees failed to prove a cause of action against either of the resident defendants or the appellant in this cause.

Appellees in reply say substantially that each of the findings of the trial court are supported by the evidence.

■ Since this cause was tried without the aid of a jury, we are bound by the following rule: "The rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings." See Cavanaugh v. Davis, 149 Tex. 573, 235 S. W.2d 972, 977; Woodward v. Ortiz, Tex. Sup., 237 S.W.2d 286. See also cases collated under 4 Texas Digest, Appeal and Error, ■

■ Under the above authorities and the errors assigned, it is our duty to examine the testimony tendered to determine whether there is any evidence of probative value to support the findings of the trial court. The testimony adduced, including exhibits, consists of some 90 odd pages of

legal cap paper and we have examined it very carefully and it is our view that there is evidence of a probative nature sufficient to support the findings of the trial court. Appellant in its original brief says: "The only testimony in the record of this case concerning any representations made to appellees respecting the quality of turkey poults they would receive is to the effect that one H. H. Weatherby and J. B. Woodard stated that they would receive 'clean poults.' Under the authorities cited above this does not amount to a warranty which would survive delivery as to observable defects. Therefore, under the cases cited, any cause of action appellees might have had against either the appellant or the defendants Woodard and Bullock was waived and barred by appellees' acceptance of the poults in question with knowledge that they were sick. Both appellees testified that each poult was inspected at the time of delivery, and yet the shipment was accepted without complaint in spite of its diseased condition."

The foregoing statement is not comprehensive and we think it is in part inaccurate. For example, M. M. Phillips, plaintiff, testified in part:

"Q. Before they left you had opened up enough and saw some were sick turkeys? A. Well, I hadn't noticed any sick turkeys when he left because he did not come inside the building.

"Q. You were in there unloading? A. And I was busy. When you bring in turkeys, the quicker you get them out of the boxes and in the stalls—and we were busy taking them out.

"Q. When was the first time you said anything to Bullock or Woodard about them being sick turkeys? A. I can't answer that. Don't know exactly.

"Q. Would you have accepted the turkeys March 20th from Woodard or agreed to purchase those turkeys if the representation testified to by Woodard had not been made? A. No."

The trial court saw and heard the witnesses and took a contrary view to that of this appellant. Our view is that the trial court had the right to find from the testi-

mony tendered and the facts and circumstances surrounding all of the parties that plaintiffs pleaded and proved a cause of action against the resident defendants. We are of the further view that the pleadings and proof tendered bring this cause clearly within the rule announced by our Supreme Court in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. Since the Supreme Court has not changed the rule there announced and since we are of the further view that the case pleaded and the testimony adduced bring it within the application of such rule, we deem it useless to comment further or cite additional authorities, and for that reason all of the appellant's points are overruled.

Accordingly, the judgment of the trial court overruling appellant's plea of privilege is sustained.