Guy M. DANSBY, Appellant,

v.

BRYAN–COLLEGE TRACTION CO., Inc.,
Appellee.

No. 3198.

Court of Civil Appeals of Texas.

Waco.

July 22, 1954.

Rehearing Denied Oct. 6, 1954.

John M. Barron, Bryan, for appellant.

John M. Lawrence, III, and Coulter Hoppess, Bryan, for appellee.

TIREY, Justice.

This is a collision case (non-jury). Plaintiff grounded his cause of action on certain acts of negligence of a taxicab

driver at a street intersection in the City of Bryan, Texas. They are substantially: (a) failure of the driver to keep a proper control of his taxicab; failure to yield the right-of-way to the driver of plaintiff's truck, which had entered the intersection ahead of the taxicab; failure of the taxicab driver to keep a proper lookout for other vehicles, and particularly plaintiff's truck at the intersection; that each and all of such negligent acts were a proximate cause of the collision and the damages sustained.

Defendant entered a general denial and also filed a cross-action against plaintiff, and as grounds of negligence alleged substantially: (1, 2 and 3) that plaintiff permitted his driver to operate the truck while intoxicated; (4) failure of the driver of the truck to keep a proper lookout; (5) failure of the driver of the truck "to grant the right-of-way." Defendant further alleged "that one or more of the hereinabove alleged acts of cross-defendant's negligence proximately caused said collision and resulted in bending and breaking cross-plaintiff's 1950 Plymouth 4 door sedan to cross-plaintiff's damage in the sum of $630.00."

In the court's judgment we find this recital: "* * * it is the opinion of the court that the plaintiff and cross-plaintiff each should take nothing by this suit," and decreed accordingly. Plaintiff excepted to the order and perfected his appeal.

At the request of plaintiff the trial court filed findings of fact and conclusions of law. They are substantially: (1, 2 and 3) that the driver of the truck was proceeding in a northerly direction on Randolph Avenue in Bryan, Texas, and the taxicab driver was operating his taxi, going west on West 26th Street, and that the vehicles collided at the intersection thereof; (4 and 5) that plaintiff's truck was not being operated at the time and place in question in a careful and prudent manner within the rules of the road and requirements of law under the circumstances, and that such truck did not enter the intersection well ahead of the taxicab; (6 and 7) that the taxicab driver did not fail to yield the right-of-way to the truck of plaintiff, and that the taxicab driver did not fail to keep a proper lookout; (8, 9, 10, 11, 12 and 13) that the truck driver was operating the truck while intoxicated, "that such operating was negligence but was not shown to be a proximate cause of the collision," and such driver was operating the truck "after drinking intoxicating liquor, that such operating was negligence but was not shown to be a proximate cause of the collision in question;" that the owner of the truck did not know that his driver had been consuming intoxicating liquor when he allowed him to operate the truck and that the driver of the truck did not fail to keep a proper lookout and that "he did not fail to grant the right-of-way," that the truck driver at the time of the collision in question was not acting in the scope of his employment. The court concluded that neither plaintiff's driver nor defendant's driver was found to be guilty of any act of negligence which proximately caused the collision, "consequently neither party to this suit can recover."

Plaintiff seasonably filed his exceptions to the findings of fact and conclusions of law. His exceptions relate to findings Nos. 4, 5, 6, 7 and 8, substantially on the ground that there is no evidence to sustain them and that such findings are against the great and overwhelming weight and preponderance of the evidence. He excepted to the court's conclusion of law because the evidence showed as a matter of law that the collision was proximately caused by the negligence of defendant's driver who failed to yield the right-of-way to the plaintiff's driver after plaintiff's driver had entered the street intersection. Appellant did not pray for any relief in his behalf. He excepted only to the findings as stated. The court did not amend its findings of fact nor change its conclusions of law.

Appellant assails the judgment substantially (1 and 2) because the evidence shows without contradiction that the taxicab driver was guilty of negligence proximately causing the accident because he failed to yield the right-of-way in violation of art.

6701d, § 71, and because the court's judgment thereon is contrary to the overwhelming weight of the evidence and is clearly wrong and unjust; (3 and 4) the error of the court in finding that the taxi driver did not fail to yield the right-of-way to the truck because it was established by all the evidence that the truck entered the intersection before the taxicab and had the right-of-way, and that the taxicab struck the truck broadside on the right door, and further that the finding of the court is so contrary to the overwhelming weight of all the evidence as to be clearly wrong; (5) because the evidence established as a matter of law that the truck driver entered the intersection first and was struck broadside by the taxicab, which failed to yield the right-of-way.

We cannot sustain either of the foregoing points for reasons we shall hereafter briefly state. First of all, this being a collision at a street intersection, we think it falls within the provisions of art. 6701d, Vernon's Ann.Civ.Stats., and particularly art. 8, sec. 71, subsections (a, b, c). We quote these provisions:

"Sec. 71. (a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"(b) When two (2) vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

"(c) The right-of-way rules declared in subdivision (a) and (b) are modified at through highways and otherwise as hereinafter stated in this Article."

There was neither pleading nor proof that either Randolph Avenue or West 26th Street was a through highway, nor were there any stop signs.

Notwithstanding the trial court has found that neither the driver of the truck nor the driver of the taxicab failed to yield the right-of-way to the other, it is without dispute that one or the other did so fail, otherwise the collision would not have occurred. "The rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings.' See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, 977; Woodward v. Ortiz [150 Tex. 75], 237 S.W.2d 286. See also cases collated under 4 Tex.Dig., Appeal & Error, Key No. 1010(1)." See Point 1, Burrus Mills v. Phillips, Tex.Civ.App., 260 S.W.2d 427, 430.

Although we are bound by the above rule, we have carefully considered all of the testimony here tendered and we cannot tell from this record which driver entered the intersection first and it is obvious that the court did not so find. Neither can we tell whether the drivers approached the intersection at approximately the same time and it is also obvious that the court's findings of fact do not so state. Needless to say that such findings must be found by the trier of the facts.

As we understand the court's findings and its conclusions of law, which we have set out, they are substantially to the effect that this was an unavoidable accident, but unavoidable accident was not pleaded and there is no express finding to that effect. The case, as tried, does not fit into any particular pattern and because of the views here expressed, we think the ends of justice will be better served if the cause is reversed and remanded.

Accordingly, the judgment of the trial court is reversed and the cause remanded for a new trial.