**W. P. LYNCH, Appellant,**

v.

**Lois A. McLENDON et al., Appellees.**

**No. 3297.**

Court of Civil Appeals of Texas. Waco.

Oct. 6, 1955.

Rehearing Denied Nov. 3, 1955.

H. W. Allen, Hamilton, for appellant.

Fred Red Harris, Hico, for appellees.

TIREY, Justice.

This is a collision case. Appellees sought recovery for personal injuries and property damage resulting from the accident. The jury found (1, 2 and 3) that defendant failed to apply his brakes immediately prior to the collision, and that such failure was negligence and a proximate cause of the

collision; (4) that the failure of the defendant to sound his horn under the circumstances was not negligence; (6, 7, 8 and 9) that appellees' car was driven into the intersection first and that the defendant failed to yield the right-of-way to appellees' car after entering the intersection, and that such failure was a proximate cause of the collision, and that appellant Lynch had not first entered the intersection on the occasion of the collision; (11, 12 and 13) that the driver of appellees' car failed to keep a proper lookout for approaching vehicles entering at the intersection at the time the collision occurred, and that such failure was negligence, but that such negligence was not a proximate cause of the collision; (14) that the driver of appellees' car did not fail to apply the brakes before reaching the intersection; (17) that the driver of appellees' car immediately prior to the accident was not driving on the left hand side of the street; (20) that the driver of plaintiff's car did not fail to have it under proper control at the time; (23) that the driver of appellees' car was not driving at an unreasonable or excessive rate of speed under the circumstances; (26) that the collision was not the result of an unavoidable accident; (27) that appellees suffered damages as a direct and proximate result of the negligence of defendant and they awarded to appellees the sum of $369.36 for damages done to the car; (29) they awarded to the appellee Linda McLendon the sum of $35.50 and appellee Lois A. McLendon the sum of $107 and appellee Floy McLendon the sum of $57.50. The judgment followed the verdict.

Appellant seasonably filed motion to set aside the verdict on special issues and also motion for judgment non obstante veredicto, and each of these motions was overruled. Thereafter appellant filed motion for new trial, which was overruled, and he perfected his appeal to this court.

The judgment is here assailed on one point. It is: "The error of the trial court in overruling defendant's motion for judgment because the driver of plaintiffs' car was guilty of contributory negligence as a matter of law, in failing to keep a proper lookout for approaching vehicles entering at the intersection, and upon the undisputed facts the same was a proximate cause of the collision in question."

Appellees' reply is substantially to the effect that this being a collision case and the jury having convicted the appellant of negligence in several respects, and found that each was a proximate cause of the accident and injuries, and although the jury found that the driver of appellees' car failed to keep a proper lookout and that such failure was negligence, but having found that such negligence was not a proximate cause of the accident, the court entered the correct judgment.

A short statement is necessary. This accident happened in the town of Hico, Hamilton County between 9:30 and 10:00 a. m. on July 11, 1954. The collision occurred at the intersection of North Mesquite Street, which runs north and south, and Fourth Street, which runs east and west. There was neither pleading nor proof that either North Mesquite or Fourth Street was a through highway, nor that there were any stop signs. Appellant in his brief says that the streets were of "equal dignity." Immediately before the accident appellant was operating his car on Fourth Street, traveling in a westerly direction, and appellees were operating their car on North Mesquite, traveling in a southerly direction. Mesquite was a paved street and Fourth Street was a graveled street, and the right-of-way of each was 24 feet in width. Testimony was tendered to the effect that the point of impact was almost in the exact center of the intersection.

As we understand appellant's position, it is to the effect that, considering the evidence as a whole, it shows that the driver of appellees' car was guilty of contributory negligence as a matter of law, and he asks this court to reverse and render the case on the authority of Blakesley v. Kircher, Tex.Com.App., 41 S.W.2d 53 55, (holding approved by S.Ct.). We are not in accord with this view for reasons hereinafter briefly noted.

■ First of all, in Blakesley v. Kircher, supra, the court, among other things, said: "It is, of course, correct to say that in cases of this character the 'proximate cause' is always a fact to be ascertained by a jury, but it is equally true that there may be more than one 'proximate cause' of injuries inflicted or damage done." It is true that the jury convicted the driver of appellees' car of failure to keep a proper lookout and held that such failure was negligence, but it also found that such negligence was not a proximate cause of the accident. There was no request to the court for an issue submitting whether the negligence of the driver of appellees' car was a contributing cause of the accident and none was given, so under Rule 279, Texas Rules of Civil Procedure, we think such issue was waived.

Moreover, we cannot sustain appellant's foregoing point for the following reason: This being a collision at a street intersection, we think it falls within the provisions of art. 670ld, Vernon's Ann.Civ.Stats., and particularly art. 8, sec. 71, subsections (a), (b) and (c). We quote these provisions:

"Sec. 71. (a) The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"(b) When two (2) vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right.

"(c) The right-of-way rules declared in subdivision (a) and (b) are modified at through highways and otherwise as hereinafter stated in this Article."

■ Needless to say that under the pleadings and findings of the jury this action falls wholly within the provisions of Sec. 71, subsection (a). Since the jury found that the driver of appellees' car entered the intersection first, and further found that appellant's car failed to yield the right-of-way and further found that such failure was negligence and a proximate cause of the collision and damages (absent a finding to the effect that the negligence of the driver of appellees' car contributed to the accident), it was the duty of the court to grant judgment for appellees if there was any evidence to sustain the findings of the jury in this behalf. Whether an issue of fact is raised or is not raised by the testimony is discussed in Reed v. Massey, Tex. Civ.App., 272 S.W.2d 910, point 4, no writ history. We think the evidence tendered the issues submitted and is sufficient to sustain the jury's findings.

■ Our view is that " 'the rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings.' See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, 977; Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286. See also cases collated under 4 Tex.Dig., Appeal & Error, ■ See Point 1, Burrus Mills v. Phillips, Tex.Civ.App., 260 S.W.2d 427, 430; Dansby v. Bryan-College Traction Co., Tex. Civ.App., 271 S.W.2d 306 (no writ history). The foregoing rule applies substantially to jury verdicts. We think the evidence adduced is sufficient to tender the issues submitted by the court and the findings thereon. We have read the testimony carefully but do not believe it would be of any precedential value to quote from it extensively.

It follows from what we have said that it is our view that the judgment of the trial court must be affirmed.

Accordingly, the judgment is affirmed.