Charles T. CROWE, Appellant,

v.

## METZGER DAIRY OF SAN ANTONIO, Appellee.

### No. 3357.

Court of Civil Appeals of Texas.

Waco.

March 22, 1956.

Trueheart, McMillan, Russell & Westbrook, San Antonio, for appellant.

Marion R. McClanahan, San Antonio, for appellee.

TIREY, Justice.

This is a collision case (non-jury). It appears that the parties stipulated as to the amount of damages and then the court heard the case on the theory as to the way the accident happened. The court awarded damages in favor of plaintiff in the amount of $1,178, and decreed that defendant take nothing on his cross-action against plaintiff and defendant excepted and duly perfected his appeal to the San Antonio Court of Civil Appeals and the case is here on order of transfer by the Supreme Court.

At defendant's request the court filed findings of fact and conclusions of law We copy the pertinent parts:

"I find from a preponderance of the evidence the following facts:

"A. The collision in question took place in the southeast quadrant of the intersection of North Main Avenue and Rodriguez Street in San Antonio, Bexar County, Texas on February 25, 1955.

"B. The point of impact occurred approximately 10 to 12 feet west of the east curb line of Main Avenue, and approximately 9 feet north of the south curb line of Rodriguez Street.

"C. The plaintiff's 1947 milk truck involved in the collision was being driven east on Rodriguez Street by plaintiff's driver, Amando G. Vasquez, and the 1952 Oldsmobile driven by defendant, Charles T. Crowe, was going north on Main Avenue.

"D. Prior to entering the intersection, plaintiff's milk truck stopped for the stop sign erected on the southeast corner of the intersection and looked in both directions before entering the intersection.

"E. Plaintiff's driver yielded the right-of-way to other vehicles in the intersection and those approaching the intersection which might reasonably constitute an immediate hazard, and then proceeded into the intersection.

"F. Plaintiff's truck proceeded across the intersection at a rate of speed not in excess of 18 miles an hour.

"G. That at the time plaintiff's truck entered the intersection, defendant's automobile was approximately three-quarters of a block away and did not appear to constitute an immediate hazard.

"H. That at the time plaintiff's truck crossed the center line of the street, defendant's car had not entered the intersection.

"I. All of paragraph crossed out.

"J. That defendant was operating his automobile at a speed of approximately 30 miles an hour when he approached the intersection.

"K. That a safe speed under the conditions was 20 miles an hour.

"L. That defendant failed to keep a proper lookout prior to the collision.

"M. That such failure to keep a proper lookout was a proximate cause of the collision.

"N. That defendant operated his automobile at an excessive rate of speed upon approaching the intersection.

"O. That the operation by defendant of his car at an excessive rate of speed when approaching the intersection was negligence.

"P. That such negligence was a proximate cause of the collision.

"Q. That plaintiff's truck entered the intersection of Main Avenue and Rodriguez Street before the automobile driven by defendant.

"R. That defendant failed to yield the right-of-way to plaintiff.

"S. That defendant's failure to yield the right-of-way to plaintiff's truck was a proximate cause of the collision.

"T. That at the time the collision occurred the front end of plaintiff's truck was across the intersection and the rear end approximately 12 feet west of the east curb line of Main Avenue.

"U. That the impact of the front end of defendant's car with the right rear side of plaintiff's truck knocked plaintiff's truck over on its left side without any forward motion, and defendant's car traveled approximately 20 feet after impact, coming to rest facing in the opposite direction against the east curb line of Main Avenue north of the intersection.

"V. That defendant at the time of and immediately before the collision failed to have his automobile under proper control.

"W. That defendant's failure to have his automobile under proper control was a proximate cause of the collision.

"X. That the damages plaintiff suffered are $1,180.00 as stipulated by plaintiff and defendant.

## II.

"Based on the above findings of fact, I find the following conclusions of law:

"A. That plaintiff's truck stopped at the stop sign and yielded the right-of-way as required by Article 6701d,

subsection 73, Rev.Civ.Stat: [Vernon's Ann.Civ.St. art. 6701d, § 73] before entering the intersection.

"B. That after entering the intersection plaintiff's truck had the right-of-way.

"C. That the collision and resulting damage was caused by defendant's negligence, and that plaintiff's truck driver was not guilty of contributory negligence.

"D. That plaintiff, Metzger Dairy of San Antonio, should recover its damages as stipulated and costs, and defendant, Charles T. Crowe, take nothing by his cross-action."

The judgment is assailed on what appellant asserts as seven points. Points 1, 2, 3, 4, 5 and 6 are to the effect that the court erred in failing to find and conclude that the driver of appellee's vehicle was not guilty of contributory negligence as a matter of law, (a) in failing to keep a proper lookout; (b) in failing to yield right-of-way on entering street from a stop sign when the appellant's oncoming vehicle constituted an immediate hazard, and (c) that the evidence was insufficient to support the court's conclusion of law that the driver of appellee's vehicle was not guilty of contributory negligence. The 7th point is to the effect that the court erred in finding that appellant was guilty of any act of negligence because the evidence was insufficient to support such finding. We overrule each of the foregoing contentions.

We have carefully examined the Statement of Facts and it is our view that the evidence tendered is ample to support each of the findings of the trial court. Such being the case we are bound by the following rule: "The rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of a trial court if there is any evidence in the record to sustain the trial court's findings."

For collation of authorities see Lynch v. McLendon, Tex.Civ.App., 283 S.W.2d 88, point 3 on page 90. (We do not think the factual situation here would be of any precedential value to the bench and bar and for that reason we see no reason to set it out).

It follows from what we have said that it is our view that the judgment of the trial court must be affirmed. Accordingly, the judgment of the trial court is affirmed.