**Walter HIGLE, Appellant,**

v.

**Al Lee CRAIG et al., Appellees.**

No. 3408.

Court of Civil Appeals of Texas.

Waco.

Dec. 13, 1956.

Robert L. Strickland, San Antonio, for appellant.

Moursund, Ball Bergstrom & Barrow, Remy, Burns & Schiller, San Antonio, for appellees.

TIREY, Justice.

This is a suit for damages (non-jury). In the judgment we find this recital:

"The court * * * finds that the plaintiff, Al Lee Craig, should recover his damages in the amount of $231.27 against the defendant, Walter Higle, but that the plaintiff, Al Lee Craig, should take nothing against the defendant, Hector Macias; . the court further finds that the cross-plaintiff, Hector Macias, should recover his damages against the cross-defendant, Walter Higle, in the amount of $375.00 and that all costs of court

herein should be taxed against the defendant, Walter Higle."

Upon request of appellant the trial court filed the following findings of fact and conclusions of law:

"1. This case involves an automobile collision which occurred on the 15th of January, 1955, between an automobile owned by the plaintiff, Al Lee Craig, an automobile owned and operated by the defendant, Walter Higle, and an automobile owned and operated by the defendant, Hector Macias.

"2. The automobile collision occurred in San Antonio, Bexar County, ·Texas, at the intersection of Zarzamora and Southwest Military Drive at approximately 7:00 P.M.

"3. There is a stop sign on South Zarzamora Street for traffic proceeding both north and south attempting to cross Southwest Military Drive.

"4. Southwest Military Drive is a paved four lane street capable of allowing two lanes of traffic to head both east and west.

"5. South Zarzamora Street north of the intersection is a paved two lane asphalt street carrying traffic north and south.

"6. South Zarzamora Street south of the intersection is a paved two lane asphalt street carrying traffic north and south.

"7. That at all times material to this suit the automobile being driven by the plaintiff, Al Lee Craig, was lawfully stopped for a stop sign on South Zarzamora Street heading in a northerly direction.

"8. The automobiles being driven by the defendants, Walter Higle and Hector Macias, collided at the intersection of Southwest Military Drive and Zarzamora Street and as a result of this collision the automobile of the defendant, Walter Higle, collided with the automobile of the plaintiff, Al Lee Craig.

"9. The defendant, Walter Higle, failed to keep a proper lookout as he entered the intersection as an ordinarily prudent person would have kept under the same or similar circumstances.

"10. That such failure to keep a proper lookout on the part of the defendant, Walter Higle, constituted negligence.

"11. That such negligence on the part of the defendant, Walter Higle, constituted a proximate cause of the collision and the damages complained of by the plaintiff, Al Lee Craig, and the defendant, Hector Macias.

"12. The defendant, Walter Higle, failed to apply his brakes in time to avoid the collision.

"13. Such failure to apply his brakes on the part of the defendant, Walter Higle, constituted negligence.

"14. That such negligence on the part of the defendant, Walter Higle, constituted a proximate cause of the collision and the damages complained of by the plaintiff, Al Lee Craig, and the defendant, Hector Macias.

"15. The defendant, Walter Higle, drove his automobile into the intersection at a time when the automobile being driven by the defendant, Hector Macias, was approaching so closely as to constitute an immediate hazard.

"16. The defendant, Walter Higle, failed to yield the right-of-way to the automobile being driven by the defendant, Hector Macias.

"17. That such failure to yield the right-of-way on the part of the defendant, Walter Higle, constituted negligence.

"18. That such negligence on the part of the defendant, Walter Higle, constituted a proximate cause of the collision and the damages complained of by the plaintiff, Al Lee Craig, and the defendant, Hector Macias.

"19. The defendant, Hector Macias, was keeping a proper lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

"20. The defendant, Hector Macias, failed to apply his brakes in time to avoid the collision.

"21. That such failure to apply his brakes in time to avoid the collision on the part of the defendant, Hector Macias, was not negligence.

"22. The automobile of the defendant, Hector Macias, was equipped with proper brakes and in good working condition.

"23. The defendant, Hector Macias, did not fail to yield the right-of-way.

"24. The defendant, Hector Macias, had his automobile under proper control.

"25. The defendant, Hector Macias, was not driving his automobile at an excessive rate of speed.

"26. The defendant, Hector Macias, did not fail to yield the right-of-way to the defendant, Walter Higle.

"27. The defendant, Hector Macias, was not exceeding the legal rate of speed.

"28. The defendant, Hector Macias, made timely and proper application of his brakes.

"29. The defendant, Hector Macias, was not exceeding the safe speed for that time and place.

"30. The defendant, Hector Macias, was not driving at an excessive rate of speed in violation of the laws of the State of Texas.

"31. The defendant, Hector Macias, was not driving at an excessive rate of speed in violation of the ordinances of the City of San Antonio.

"32. The defendant, Hector Macias, was not driving at a rate of speed in excess of that at which an ordinarily prudent person would have driven under the same or similar circumstances.

"33. The defendant, Hector Macias, did not realize the defendant, Walter Higle, was in a perilous position.

"34. The defendant, Hector Macias, used the means at his command and under his control to stop the automobile he was driving, to change the course thereof, and decrease the momentum thereof before the collision.

"35. That the collision was not the result of an unavoidable accident.

"36. That the plaintiff, Al Lee Craig, was not guilty of any acts of contributory negligence.

"37. That the defendant, Hector Macias, was not guilty of any acts of contributory negligence.

"38. It was stipulated between the parties that the repairs to the automobile of the defendant, Hector Macias, were reasonable and that the repair bill was $375.00 and that such would be the measure of the damages to the cross-plaintiff's automobile.

"39. It was stipulated between the parties that the repairs to the automobile of plaintiff, Al Lee Craig, were reasonable and necessary and that the repair bill was $181.27, and that such would be the measure of damages to the plaintiff's automobile.

"40. That the plaintiff, Al Lee Craig, was forced to hire other means of transportation and that such other

means of transportation was necessary and the reasonable cost of such transportation, which has been paid by him, was $50.00.

"Conclusions of Law

"1. I conclude as a matter of law that the plaintiff, Al Lee Craig, is entitled to recover his damages on the facts found by me in this case from the defendant, Walter Higle.

"2. I conclude as a matter of law that the plaintiff, Al Lee Craig, is not entitled to recover from the defendant, Hector Macias, on the facts found by me in this case.

"3. I conclude as a matter of law that the defendant and cross-plaintiff, Hector Macias, is entitled to recover from the cross-defendant, Walter Higle, his damages on the facts found by me in this case.

"4. I conclude as a matter of law that the plaintiff, Al Lee Craig, was not guilty of any acts of contributory negligence.

"5. I conclude as a matter of law that the defendant and cross-plaintiff, Hector Macias, was not guilty of any acts of contributory negligence.

"6. I conclude as a matter of law that the defendant, Walter Higle, was guilty of negligence which was the proximate cause of the collision as above found.

"7. I conclude as a matter of law that the plaintiff, Al Lee Craig, is entitled to judgment against the defendant, Walter Higle, in the sum of $231.27.

"8. I conclude as a matter of law that the defendant and cross-plaintiff, Hector Macias, is entitled to a judgment against the defendant, Walter Higle, in the sum of $375.00.

"9. I conclude as a matter of law that the defendant, Walter Higle, should pay all court costs incurred."

Defendant Walter Higle seasonably requested the court to find additional findings of fact and conclusions of law, which was denied.

The judgment is assailed by defendant Walter Higle on what he designates as two points. They are substantially that the court erred in finding that Macias had the right-of-way over Higle and that Higle failed to yield such right-of-way to Macias, which failure was negligence which was a proximate cause of the accident and damages to plaintiff Craig and cross-plaintiff Macias' automobile, for the reason that defendant Walter Higle had the right-of-way over defendant and cross-plaintiff Hector Macias, and that the said Macias did not yield such right-of-way to the said Higle, which constituted negligence which was a proximate cause of the accident and damages to the automobiles of plaintiff Craig and cross-plaintiff Macias.

■ "Since this cause was tried without the aid of a jury, we are bound by the following rule: 'The rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings.' See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, 977; Woodward v. Ortiz, [150 Tex. 75] 237 S.W.2d 286. See also cases collated under 4 Texas Digest, Appeal and Error, ■ See Burrus Mills v. Phillips, Tex.Civ.App., 260 S.W.2d 427, 430 (no writ history); also Alamo Motor Lines, Inc. v. Maldonado, Tex.Civ.App., 271 S.W.2d 693, points 2 and 3.

■ Under the above authorities and the errors assigned, it is our duty to examine the testimony tendered to determine

whether there is any evidence of probative value to sustain the findings of the trial court. This we have done. It is true that there is some conflict in the testimony, but we feel that to set it out would be of no precedential value and for that reason we do not do so. The trial judge was able to see the witnesses and to evaluate their testimony, and we feel that the evidence tendered is sufficient to sustain his findings, and further discussion would be of no avail. See Crowe v. Metzger Dairy Co., Tex. Civ.App., 288 S.W.2d 897.

Accordingly, the judgment of the trial court is affirmed.

HALE, J., took no part in the consideration and disposition of this case.