F. M. CHANCEY d/b/a Chancey Sand and
Gravel, et al., Appellants,

v.

Walter VAN LUIT et al., Appellees.

No. 6699.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 7, 1957.

Rehearing Denied Nov. 4, 1957.

Crenshaw, Dupree & Milam, Lubbock, for appellants.

Huff & Splawn, Klett, Evans, Trout & Jones, Lubbock, for appellees.

NORTHCUTT, Justice.

This was a damage suit brought by Walter Van Luit and we adopt the statement. made by appellants as to the nature and result of the suit.

The plaintiff, Walter Van Luit, filed suit against F. M. Chancey d/b/a Chancey Sand & Gravel and J. L. Kubacak, alleging that plaintiff was injured when his station wagon overturned on a paved roadway in Hale County, Texas, and that the proximate cause of the overturning of his vehicle was certain negligent acts of J. L. Kubacak, who, on said occasion, was operating a truck for his employer, F. M. Chancey d/b/a Chancey Sand & Gravel. The plaintiff alleged that he was traveling on Farm-to-Market Road 400, about 18 miles south of Plainview, in a southerly direction; and as he approached a downgrade and a slight curve, a large gravel truck belonging to F. M. Chancey and operated by J. L. Kubacak, driving in the opposite direction, came over to the plaintiff's side of the road, and in order to avoid a collision, plaintiff went off the paved portion of the roadway to the right, onto the shoulders of the highway at a time when they were wet and soft, and that the soft mud caught his right wheels and caused his vehicle to overturn several times, resulting in destruction of the automobile and injuries to the plaintiff, Van Luit.

Traders & General Insurance Company intervened, setting out that it had paid Workmen's Compensation and hospital and medical bills to the plaintiff, Van Luit.

The defendants, Chancey and Kubacak, answered, denying the allegations of plaintiff, Walter Van Luit, and pointing out that it is true that the shoulder of the road was slick and muddy, following a rain, and alleging in substance that the accident was caused by Walter Van Luit, in operat-

ing his automobile at an excessive speed under the circumstances, failing to keep a proper lookout, and in permitting the vehicle to slip off the right side of the pavement, when the shoulders were muddy and dangerous; the defendants further pleaded that J. L. Kubacak was in no way involved in the accident and observed the Walter Van Luit vehicle skid across the pavement and overturn, at a time when J. L. Kubacak, driving the truck, was approximately a half mile distant from the scene, and before he reached the scene of the accident, and also pleaded insofar as these defendants said accident was unavoidable.

The trial was to a jury, and the case was submitted on special issues, which special issues were answered favorably to the plaintiff, after which the Trial Court rendered judgment for the plaintiff, Walter Van Luit, and the intervenor, Traders & General Insurance Company, for a total sum of $58,422.83.

From this judgment F. M. Chancey d/b/a Chancey Sand & Gravel and J. L. Kubacak perfected this appeal and will be hereafter referred to as appellants. Van Luit and Traders & General Insurance will be referred to as appellees.

██ By appellants' first two points of error, they complain of the court refusing to include in the definition of proximate cause the term, "new and independent cause" and then refusing to define that term. It is well-settled in this state that where "new and independent cause" is necessary to be given in defining proximate cause that the term "new and independent cause" must be defined. Then, it naturally follows that, if, it is not necessary to include "new and independent cause" in defining proximate cause, there would be no necessity in defining "new and independent cause." Then, we must determine whether the Trial Court erred in refusing to include in the definition of proximate cause the term "new and independent cause." It is well-established in this state that it is reversible error in a cause in which the testimony tends to prove the injury resulted from a "new and independent cause," not to submit a definition of proximate cause embodying that term, or a similar term, together with the definition of the same. Southland Greyhound Lines v. Cotten, 126 Tex. 596, 91 S.W.2d 326, and cases there cited. Appellants cannot contend from their pleadings and evidence that the term "new and independent cause" should have been included and also defined. If they were not there and did nothing connected with the accident, there could be no new cause so far as they were concerned. The jury upon sufficient evidence, found contrary to the contention of appellants as to where Mr. Kubacak must have been. As to appellants' acts of negligence, the jury found as follows:

"1. That J. L. Kubacak was operating defendant's truck on the left hand side of the highway, which was negligence and a proximate cause of the collision;

"2. That Kubacak was operating the Chancey truck at an excessive rate of speed under the light of the attending circumstances which was negligence and a proximate cause of the collision;

"3. That Kubacak failed to maintain proper control of the Chancey truck immediately before the wreck in question, which was negligence and a proximate cause of the collision;"

The jury also absolved Mr. Van Luit from any acts of negligence in finding as follows:

"1. That he did not fail to keep his automobile under proper control;

"2. That he was not driving his automobile at a rate of speed in excess of that which it would have been driven by an ordinary prudent person in the exercise of ordinary care under the same or similar circumstances;

"3. That he did not permit one or more of the wheels of his vehicle on

the right side to slip off of the pavement to his right;

"4. That he did not fail to keep a proper lookout;

"5. That the accident in question was not an unavoidable accident."

 It is the contention of appellants that the question of "new and independent cause" was raised in this case as to whether or not either the slickness of the pavement, the water on the pavement, the mud on the pavement, the muddy shoulders, or the rain on that occasion may have been a new and intervening cause breaking the causal connection between the negligent act or omission of Mr. Kubacak, if any, and thereby becoming in itself the immediate cause of the event. The only objection the appellants had to the trial court's definition of proximate cause was the failure of the court to include in its definition the term "new and independent cause" and then to define that term. If the negligence merely creates a condition by which the injury is made possible, and a subsequent independent act of some other person causes the injury, the defendant is not liable. This is because the negligence is not the proximate cause of the injury. The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury. If the negligence complained of merely furnishes a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury. The appellants were not responsible for the conditions existing at the place such as slickness of the pavement, water on the pavement, mud on the pavement, muddy shoulders, nor the rain. Negligence, to render a person liable, need not be the sole cause of an injury. Where several causes combine to produce an injury, a defendant is not relieved from liability because he is responsible for only one of them. It is sufficient if his negligence is an efficient cause without which the injury would not have resulted.

Where several causes producing injury are concurrent and each is an efficient cause without which the injury would not have happened, then injury may be attributed to all or any of the causes. Concurrent causes are causes acting contemporaneously and which together cause the injury, which injury would not have resulted in absence of either. We are unable to say that the acts of Mr. Kubacak were not the efficient cause which set in motion the chain of circumstances leading to the injury when the car was crowded off the pavement causing it to start skidding all of such proceeding until the final injury. Appellants' points one and two are overruled.

 Appellants present their third, fourth, fifth, and sixth points of error together since they deal with the findings of the jury as not being supported by the evidence but was contrary to the evidence, and also was so against the overwhelming weight and preponderance of the evidence. We will not quote the evidence given but we are of the opinion that there was sufficient and proper evidence to sustain the findings of the jury as to the matters complained of in these points of error and overrule them. It is our view as stated in the case of Lynch v. McLendon, Tex.Civ. App., 283 S.W.2d 88, 90, and the cases there cited where the court said:

"Our view is that ' "the rule is well settled that the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings." See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W. 2d 972, 977; Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286. See also cases collated under 4 Tex.Dig., Appeal & Error, See Point 1, Burrus Mills v. Phillips, Tex.Civ.App., 260 S.W.2d 427, 430; Dansby v. Bryan-College Traction Co., Tex.Civ.App.,

271 S.W.2d 306 (no writ history). The foregoing rule applies substantially to jury verdicts."

 By appellants' seventh, eighth, ninth, and tenth points of error they present the question of misconduct of the jury in discussing and taking into consideration that Chancey carried insurance; discussing and taking into consideration that plaintiff would have to pay attorneys' fees; discussing and taking into consideration the question as to how much it would cost to rear plaintiff's children; and in discussing and taking into consideration the amount which had been expended for medical expenses prior to the time of the trial. It is not practical for us to quote the testimony given in the case concerning the misconduct of the jury. We realize that it is difficult to determine just how far the jury may go in mentioning or discussing insurance. Some of the cases go so far as to hold it is not misconduct where as many as three of the jury testified that it was stated in the jury room that the insurance company would have to pay and the defendants would not, and that was one of the reasons they voted to give plaintiff that much. We are of the opinion, however, that the trial court in this case was justified in finding that misconduct of the jury did not exist and in concluding that no harm was shown if misconduct of the jury had existed. The case of City of Dallas v. Hutchins, Tex.Civ.App., 226 S.W.2d 155, (refused N.R.E.) properly discusses and deals with the issue of misconduct of the jury contrary to appellants' contention. Appellants' points of error seven, eight, nine, and ten are overruled.

 By appellants' eleventh, twelfth, and thirteenth points of error they urge as reversible error the arguments made by appellees' attorneys. No objections were made by appellants to any such arguments at the time the same were made, but were presented for the first time in appellants' motion for a new trial. The first complaint is made

about the attorney saying to the jury, "Martinez said it didn't happen. I asked him a dozen times about it and he said it didn't happen. I didn't talk to him; didn't tell him those things. I sure didn't do it." Contending it was unsworn evidence, completely outside the record. Martinez was asked several questions concerning whether he talked to Jose Montavo and he denied talking to him. The further argument complained of was the statement that Martinez was a witness for the defendant, and the defendant took his deposition and that the plaintiff only offered the deposition of defendant's witness. When Martinez's deposition was offered in evidence it was stated that appellees offered portions of a deposition of Martinez, who was called as a witness and whose deposition was taken by appellants' attorneys. The final objection to the attorney's argument was referring to the Highway Patrolman, refusing to come and testify for appellees but coming for appellants. It is well established as a law in this state, as expressed by the Supreme Court, in the case of Texas Employers Insurance Association v. Haywood, 153 Tex. 242, 266 S.W.2d 856, 858, where it is stated:

> "It is only when the probable harm or the resulting prejudice cannot be eliminated or 'cured' by retraction or instruction that a new trial will be awarded in the absence of timely objection."

We are unable to say that such argument was of such a nature as to prejudice the rights of appellants or in any way had any influence upon the verdict of the jury; but are of the opinion that if such arguments resulted to the prejudice of appellants, it was of such a nature that could have been cured by retraction or instructions by the court to disregard the same. These points of error are overruled.

 By appellants' fourteenth and final point of error it is urged the court erred in rendering judgment for an amount in excess of $40,000 for the reason that the

answer of the jury to Special Issue No. 21 submitted to the jury all of the elements of damages, Special Issues Nos. 21 and 22 with instructions given on each issue were as follows:

## Special Issue No. 21

What sum of money, if any, if paid in cash now, do you find from a preponderance of the evidence would fairly and reasonably compensate the plaintiff for the injuries, if any, proximately caused by the collision in question proximately caused by the negligence, if any, of the defendant?

Answer by stating the amount.

Answer: $40,000. Forty Thousand.

In estimating the amount of damages, if any, you may take into consideration physical and mental pain and suffering, if any, as a proximate result of disfigurement, if any, suffered or in all reasonable probability to be suffered by said plaintiff as a proximate result of the injuries, if any. In this connection, you may also take into consideration loss of earnings, if any, up to the present as a proximate result of said accident; and if you further believe from a preponderance of the evidence that plaintiff's injuries, if any, will in all reasonable probability, impair his capacity to earn money in the future, you may include in your estimate such amount as you believe from the evidence, if paid now, will fairly and reasonably compensate him for such impaired capacity, if any, to perform services of a pecuniary value in the future proximately resulting from such accident or collision.

## Special Issue No. 22

What amount of money, if any, if paid in cash now, do you find from a preponderance of the evidence will fairly and reasonably compensate the plaintiff for the medical and hospital bills, if any, to be incurred in the future, as a proximate result of the wreck in question?

Answer by stating the amount:

Answer: $10,000. Ten Thousand.

In estimating the amount, if any, to the above question, you may take into consideration reasonable and necessary expenses, if any, as a proximate result of the accident and injuries incurred by the plaintiff, for reasonable and necessary hospital and medical attention in the future, if any.

In this connection, you are further instructed that you may allow only such amount as you may find from a preponderance of the evidence arose from the injuries received in the wreck in question which were proximately caused by the negligence, if any, of the driver of the truck in question.

Appellee pleaded damages for loss of earning capacity, then for pain and suffering and then for $8,422.83 doctors, hospital, and medical expenses incurred up to the time of the trial and then for medical, hospital, and doctors expenses in the future. It was stipulated by the parties that the $8,422.83 had been incurred and paid and the case was submitted to the jury as to damages as pleaded by appellees. The appellants made no objection as to the court's action in submitting the issues in that manner, and the case being tried upon that theory without objections, and the court giving instructions to the jury as to the items to be considered in answering each of the issues on damage, we do not think that Special Issue 21 covered all of the elements of damage, and overrule appellants' fourteenth point of error.

Judgment of the trial court affirmed.