Roscoe Cleveland AILS, Appellant,

v.

Josephine C. AILS, Appellee.

No. 3490.

Court of Civil Appeals of Texas.

Waco.

Oct. 31, 1957.

John Cutler, Houston, for appellant.

George W. Eddy, Houston, for appellee.

TIREY, Justice.

This is an appeal from a decree (non-jury) granting a divorce. There was no request for findings of fact and conclusions of law and none was filed.

The judgment is assailed on three points. They are substantially (1) the court erred in granting the divorce due to mutual recrimination; (2) in cancelling, rescinding and annulling a deed dated April 16, 1956 executed by appellee, Josephine C. Ails, a feme sole, deeding an undivided one-half interest in certain real property to appellant, Roscoe Cleveland Ails, on the ground that said conveyance was wholly without consideration, and procured by fraudulent inducements and representations; (3) in confirming as appellee's sole and separate property her title to Lots 8, 9, 10, 11, 12, 13 and 14 in Block 41, Port Hous-

ton Addition, N.S.B.B., Harris County, Texas; (4) in awarding to appellee as her separate property the $5,719.79 on deposit with the Bank of the Southwest National Association in an account styled Ails Real Estate & Investments, wherein the signature of both appellee and appellant were necessary for withdrawal, the origin of said fund arising out of the sale of real property by appellee and appellant after the execution of said deed of April 16, 1956. Sec. 1 of art. 4629, Vernon's Ann.Civ.Stats., provides a divorce may be granted "where either party is guilty of excesses, cruel treatment, or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable." Art. 4632 of Vernon's Ann.Civ.Stats. provides in part: " * * * but the decree of the court shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition." These provisions of our statute have been construed many times by our appellate courts. Our Supreme Court, in McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459, 463, in answer to certified questions, said: " * * the excesses, cruel treatment, or outrages provided in our statute as a ground for divorce are sufficient if they are of such a nature as to render further living together insupportable, and that without regard to whether such treatment is of such a nature as to threaten the impairment of the physical health of the wife. Of course the sacredness of the marriage relation should be kept in view, and divorces should not be granted on trivial matters or disagreements." In the foregoing opinion of the Supreme Court, Justice Critz reviews previous decisions of our Supreme Court and some Civil Appeals decisions dealing with the subject of cruel treatment, and the statement of the rule he announced as above quoted has not been changed or modified by our Supreme Court.

Plaintiff went to trial on her First Amended Original Petition. This pleading of plaintiff complies with the provisions of our statutes relating to divorce, and specifically alleges cruel treatment on the part of the defendant toward the plaintiff, and says that such treatment renders their further living together insupportable, and further alleges that defendant fraudulently induced her to marry him, and "induced her to make certain conveyances of property to him for the purpose of converting same to his own use and benefit. Defendant went to trial on his Original Answer, which did not contain any exceptions to the plaintiff's pleadings, and the only allegation in the pleading is that defendant denies all and singular the allegations in the plaintiff's original petition contained. (In the absence of special exceptions to the petition, it will be liberally construed in the pleader's favor. See Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, points 1 and 2, 141 A.L.R. 50. See also Ladner v. Reliance Corporation, Tex., 293 S.W.2d 758. He did not file any further answer to the plaintiff's amended pleading. In the court's decree we find this recital: " * * * and the court having read the pleadings, receiving evidence and hearing the testimony and argument of counsel, and being fully advised in the premises, on the 18th day of January, 1957, finds that the material allegations in plaintiff's petition are true, and finds for plaintiff." We have read the testimony tendered and it is sufficient to sustain the court's finding in this behalf, as well as the decree of divorce ordered thereon. In the decree we find this recital: "The court finds from the evidence that before plaintiff's marriage to defendant, her name was Josephine Reynolds Powell, and that plaintiff, as grantor, under the name of Josephine Reynolds Powell, conveyed a one-half undivided interest in and to Lots 8, 9, 10, 11, 12, 13 and 14 in Block 41, and Lots 9, 10, 11 and 12 in Block 71, Port Houston Addition, NSBB, in Harris County, Texas, to defendant Roscoe Cleveland Ails; the court further finds in this regard that the said conveyance was wholly without consideration; that the same was procured by

fraudulent representations and inducements made by defendant to plaintiff, upon which plaintiff relied, and without which she would not have made such conveyance. The court therefore finds that such conveyance is null and void, and that the title to the hereinabove described property was never divested out of plaintiff by reason of its execution." The decree then cancels and annuls the aforesaid deed and further confirms to plaintiff such property as her sole and separate estate. It is our view that the evidence is ample to sustain the court's finding in this behalf, and we approve of the decree entered. In the decree we find this recital: "The court further finds that the proceeds remaining from the sale of Lots 9, 10, 11 and 12 in Block 71 of Port Houston, Texas, in the amount of $5,719.79, on deposit with the 'Bank of the Southwest, National Association,' and an account bearing the fictitious name 'Ails Real Estate and Investments' is money derived from the sale of property which was the separate property and estate of plaintiff, and that therefore the said sum of $5,719.79 is plaintiff's separate property." And the court decreed accordingly. It is our view that the testimony is ample to support the foregoing finding, and we approve of the decree in this behalf.

We think we should say that we have read this testimony carefully, and it is certainly full and satisfactory to this court that the defendant was guilty of cruel treatment and outrageous conduct toward plaintiff in this case, and we think the testimony further shows beyond question that she did more than her part in trying to make their marriage a success; but notwithstanding her conduct in this respect defendant was guilty of cruel and outrageous conduct towards plaintiff and in addition thereto was guilty of the practice of fraud and deceit on plaintiff and by means of such fraudulent representations and deceit, was able to induce plaintiff to execute the deed to said property to him, which the trial court cancelled and annulled. This court feels that the recitation of the fraudulent acts and representations and deceit practiced by defendant on plaintiff would be of no precedential value, and for that reason we do not make further recitation thereon nor comment thereon.

As a reviewing court, it is our duty to consider the evidence and the inferences properly to be drawn therefrom in the light most favorable to the party obtaining the verdict, and it is our duty in considering the controverted issues of fact to accept as true that testimony which tends to support the verdict. 3B Tex.Jur., pp. 370–372 (this general rule also applies to cases tried without the aid of a jury). There is another general rule to the effect that "the rule is well settled that the judgment of the trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of facts for those of the trial court if there is any evidence in the record to sustain the trial court's findings." See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, 977; Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286. See also cases collated under 4 Texas Digest, Appeal and Error, See also Burrus Mills v. Phillips, Tex.Civ.App., 260 S.W.2d 427, no writ history. See also Eaton v. Husted, 141 Tex. 349, 172 S.W.2d 493; Besteiro v. Besteiro, 65 S.W.2d 759 (Tex.Com.App., opinion adopted); Firestone v. Sims, Tex.Civ.App., 174 S.W.2d 279, writ ref.; Kimbell Milling Co. v. Greene, Tex.Civ.App., 162 S.W.2d 991, affirmed 141 Tex. 84, 170 S.W.2d 191.

Because of the views here expressed, each of appellant's points is overruled, and because the testimony is full and satisfactory to this court, the judgment of the trial court is in all things affirmed.