Martha Lee WILLIAMS, Appellant,

v.

Georgia Dickens GALLER et al., Appellees.

No. 15500.

Court of Civil Appeals of Texas, San Antonio.

July 21, 1976.

Donald J. Walheim, Hardberger, Branton & Herrera, Inc., San Antonio, for appellant.

Beckmann, Stanard & Olson, Clark, Thornton & Summers, San Antonio, for appellees.

CADENA, Justice.

Plaintiff, Martha Lee Williams, filed this suit seeking $125,000.00 as compensation for injuries she suffered when the automobile she was driving was struck in the rear by a vehicle operated by defendant, Georgia

Dickens Galler, who, at the time of the accident, was performing her duties as an employee of the other defendant in the case, City of Castle Hills. She appeals from a judgment, based on a jury verdict, allowing her (1) $3,000.00 for past suffering and past loss of earnings and (2) $1,500.00 for past medical expenses. The verdict and judgment allowed no recovery for future suffering, future loss of earnings, or future medical expenses.

Plaintiff first asserts that the award of $4,500.00 is inadequate as a matter of law or, in the alternative, that it is so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust.

No extended discussion of the testimony is required in order to dispose of this complaint. It is true that the testimony of plaintiff and of Dr. Bilderback, plaintiff's expert witness, if believed, would justify a significantly higher award. But this testimony conflicts squarely with that given by Dr. Newby, defendants' medical witness, to the effect that his examination of plaintiff some four months after the accident revealed no abnormality. He testified that he detected no muscle spasms in plaintiff's back and detected no "withdrawal response," which is normally expected when "a true tenderness" is present.

The evidence concerning the speed of the vehicle which struck plaintiff's car is conflicting. In her deposition, the defendant driver stated that her speed at the time of impact was about 35 miles per hour, but at the trial she testified that her vehicle was progressing at the rate of only 15 miles per hour. The damage to plaintiff's car amounted to about $100.00, and the other vehicle sustained little or no damage.

The record shows that plaintiff underwent extensive treatment, and defendants stipulated that the reasonable cost of such treatment was $9,234.65, but denied that such treatment was necessitated by whatever injury plaintiff sustained in the accident. Plaintiff's doctor testified that it would be necessary for plaintiff to be "monitored" for about two additional years. He testi-

fied that all treatments received by plaintiff were reasonably necessary to alleviate the results of her injury.

■ It is clear that the jury, which observed the experts who testified, chose to believe the testimony of defendants' expert rather than the testimony of plaintiff's doctor. The evidence adequately supports the conclusion that plaintiff, four months after the accident, had fully recovered from any injury and disability caused by the collision, and that the extensive treatment administered by Dr. Bilderback after such complete recovery was not necessary to alleviate the injuries caused by the accident. Plaintiff's evidentiary points are without merit. *Ruffo v. Wright*, 425 S.W.2d 663 (Tex.Civ.App. —San Antonio 1968, no writ). We cannot say, in view of the evidence, that the award in this case establishes that the verdict "was the result of passion or prejudice or other improper motive or was in disregard of the evidence." *Dallas Ry. & Terminal Co. v. Farnsworth*, 148 Tex. 584, 227 S.W.2d 1017, 1022 (1950).

■ Plaintiff's next complaint concerns the remarks of counsel for defendant, Georgia Dickens Galler, during her argument to the jury. The challenged portion of the argument is as follows: "[M]y client, is in here as the defendant in this particular lawsuit. She's being sued for $125,000 just like the City of Castle Hills. The City of Castle Hills says, well, if you're found negligent in this and we're found negligent then we have got to ask you to reimburse us." Plaintiff's objection to this portion of the argument was sustained. Plaintiff made no motion for mistrial, nor was the court requested to instruct the jury to disregard the remarks. Although the argument was improper, its harmful effect could be eliminated by proper instruction to the jury. We do not consider the argument to be of such a prejudicial nature as to warrant a reversal. *Texas Employers' Insurance Association v. Haywood*, 153 Tex. 242, 266 S.W.2d 856 (1954); *Chancey v. Van Luit*, 306 S.W.2d 377 (Tex.Civ.App.—Amarillo 1957, writ ref'd n. r. e.).

The judgment of the trial court is affirmed.